# CHARLESTON.

SMITH v. SMITH *et al.*

Submitted November 23, 1915.   Decided November 30, 1915.

1. PARTITION—*Report of Partition in Kind—Appeal.*

    A report of partition in kind, on its face evincing no unfairness or injustice in allotments made by commissioners appointed for the purpose, will not be disturbed on appeal, unless it is affirmatively shown by satisfactory proof that the partition so made is inequitable. (p. 263).

2.   SAME—*Separate Tracts—Division Among Tenants in Common.*

    A partition of two separate tracts of land among the three tenants in common thereof is not erroneous, merely because to one of them is assigned a portion of each parcel, instead of a single boundary in one tract, when there is no evidence that such allotment is prejudicial to his co-owners.   (p. 263).

3.   SAME—*Tenants in Common—Proceeds Used for Improvements.*

    Where three tenants in common of farm lands, for their joint maintenance and support, share equally the issues and profits of the common property, and the two in active charge of the lands apply the residue of the returns therefrom, together with earnings elsewhere made by them, to the establishment and maintenance of substantial and valuable improvements thereon, without objection by their co-owner, who is not ousted from the management or control of the property or excluded from its benefits, she, in a suit by her for partition, is not entitled to a decree against them for a share of the issues and profits so used and applied, of the benefits of which she received her equitable proportion in the partition proceeding.   (p. 264).

Appeal from Circuit Court, Mineral County.

  Action by Mary E. Smith against William Daniel Smith and others.   From decree for plaintiff, defendants appeal.

*Reversed in part.   Affirmed in part.*

*W. H. Griffith,* for appellants.

*Chas. Ritchie* and *E. L. Tyler,* for appellee.

LYNCH, JUDGE:

To have set apart to her one third of two separate tracts of land, containing respectively 68 and 83 acres, of which her husband died seized and possessed, Mary E. Smith brought this suit against her two sons, William and Robert.   By will the husband and father devised his real estate to plaintiff and defendants, giving her one third for life, them the residue.

The testator died January 8, 1908.   Thereafter until a short time prior to the institution of this suit, November 19, 1913, plaintiff and defendants jointly occupied the 68 acres, known as the "home place", except that Robert for the last three years of that period resided alone on the 83 acres.   Plaintiff, because of the lack of harmony between herself and children, abandoned her home, and sued as well for an accounting of

the rents and profits as for an allotment to her of the one third of the real estate of her husband. She charges, and defendants deny, she was virtually excluded from participation in the management and control and the usufruct of the real estate or any part of it, and that they received the exclusive benefit of the land. In their answer, defendants, besides alleging joint use and occupancy of the lands for the mutual benefit of themselves and their mother, further allege and by proof seek to show payments by themselves of an unpaid indebtedness of their father and mother existing at the time of his death, and of a balance of purchase money for the 83 acres then due and unpaid, and improvements by them made on the lands thereafter, aggregating a total of about $1600.

The commissioner to whom the cause was referred to ascertain and report the rents and profits of the real estate, the amount thereof paid to plaintiff, and any other matter required by any party interested, reported the annual rental value of the 83 acres, for the six years after the testator's death, to be $75, and of the 68 acres to be $30; that of such values defendant owed plaintiff, for that period, $210, and that she paid a small amount for improvements on the 68 acres; that the value of the improvements made by defendants on the 83 acres amounted to $900, and on the 68 acres $700, and that they paid all the taxes on all the lands since their father's death.

The commissioners appointed by the same decree to assign plaintiff her share in the lands allotted her by metes and bounds 4 acres out of the 83 acre tract, and "all that part * * * of the home place upon which the dwelling and other buildings are located, on the north and east side of the Northwestern pike, together with said buildings and other improvements thereon".

The exceptions of defendants to each of these reports were overruled, except that plaintiff was denied the right to charge defendants with any part of the rentals accruing from the 68 acres, because of her occupancy and use of that tract; but defendants were required to pay her $170 as her share of the rents, issues and profits of the 83 acre tract. Exceptions by defendants to the report of partition questions the fairness

and propriety of the allotments made by the commissioners, on the grounds, first, that by the partition plaintiff was assigned the greater part of the improvements made by defendants; second, failure to assign plaintiff her third of both tracts out of one tract only; and, third, that by the assignment out of the 83 acres she received a disproportionate share of the only available meadow land thereon, the residue thereof being rough, steep and mountainous, and that thereby she received more than her equitable proportion of the lands.

By no certain or definite proof do defendants support any of the exceptions taken to the report of partition; and, if any substantial basis therefor exists, it is to be found in the report itself. Therein it is stated that the part assigned plaintiff out of the home place includes the buildings and other improvements thereon; but whether that part does or does not include all the buildings and improvements on that tract can not be determined from the evidence. It is silent on that subject, as well as on the question of fairness of the assignment in relation to the proportionate values and quantities of the two parcels into which that tract was divided. The assertion of such disparity, without verification by proof, is not sufficient to warrant interference with the findings of the commission, charged, as it was, with the duty of making an equitable division of the lands among the tenants in common. Of the lot assigned plaintiff out of the other tract, the same thing may also be said. The only criticism directed against such assignment is that to plaintiff was allotted about half the land available for raising hay for the use of the farm. The proof makes apparent the fact that by the partition plaintiff did receive approximately half the meadow land in the 83 acres. Nevertheless, the proof does not show that such allotment was inequitable or unjust to defendants. She thereby received only 4 acres out of a tract containing 83 acres, in which she was entitled to one third.

As to whether the commission ought in justness and fairness to have assigned plaintiff one boundary as and for her interest in both tracts, the same dearth of testimony appears. No foundation is laid in the proof for disturbance of the report in that regard, or of the decree approving it. Such assignment perhaps was more prejudicial to plaintiff than to

defendants—but she does not complain—because instead of one boundary a portion of each tract was allotted to her. That method of division inherently was not wrong. The circuit court could have compelled an assignment in one boundary in either tract, in lieu of a part of both, if thereby no injury resulted to her associates; but she did not, nor did they, request the adoption of that procedure.

Finally, we may inquire whether the decree erroneously required defendants to make restitution to plaintiff for the use and occupation of the land prior to the institution of this suit—a question raised by the exceptions of defendants to the report of the commissioner in chancery. At the death of the testator, both tracts of land owned by him, and devised by his will, virtually were unenclosed, the buildings thereon dilapidated and out of repair, the fencing burned or decayed, and both tracts covered by briars and other hurtful growths common to fallow or neglected lands. The buildings defendants, in the main at their own cost and expense, plaintiff contributing thereto only a small amount, repaired, remodelled and enlarged; they enclosed the lands by wire fencing, removed the growths, ditched the swampy and sour lands, thereby rendering them more productive and enhancing their rental and actual values to the mutual benefit and profit of themselves and their mother; and, as we have seen, she obtained, under the allotments made by the commission, much of these valuable and necessary improvements.

Of course, under §14, ch. 100, Code, a tenant in common who receives more than his just share of the annual returns from the common property must render compensation to his associate in title who is denied his just and equal portion thereof, in this respect altering the common law rule applicable to such cases. Nevertheless, such compensation must necessarily be based upon the condition of the property and its rental value at the time the title devolved upon the cotenants, or upon the actual returns therefrom received by one of them, and not upon its condition or value due to improvements made thereon after such devolution. *Ruffners* v. *Lewis*, 7 Leigh 720; *Graham* v. *Pierce*, 19 Gratt. 28; *Moore* v. *Ligon*, 30 W. Va. 146. But where one joint tenant or tenant in common uses the common land exclusively, though not

ousting or excluding his co-owners, he is, by virtue of the statute cited, chargeable to them for such use and occupation or the benefits thereof.  *Ward* v. *Ward,* 46 W. Va. 1; *Early* v. *Friend,* 16 Gratt. 21.

What, if anything, either one or both of defendants received from the land or any part of it, or the extent of the benefits he or they derived from the land in excess of his or their reasonable share or above the share to which plaintiff was entitled, is not disclosed by any proof in the case, except as to the rental value; and the value adopted was based upon the changed condition of the land, due in a large measure to the improvements made by defendants.  According to the report of the commissioner, as we have seen, they expended approximately $1600 in betterments, whereby the value of that portion of the lands allotted to plaintiff was enhanced, without any substantial contribution thereto by her.  Of course, defendants were interested in making the improvements.  Their shares received the same enhancement in value.  By their industry and thrift, and by their labor expended in services performed elsewhere than on the land, they made possible such improvements on the common property.  Plaintiff likewise employed part of her time in serving her neighbors and friends, but did not materially assist in bearing the financial burdens of improving the lands.  But none of the parties received or derived any compensation, profit or advantage from the estate in excess of that required for their maintenance and support.  Plaintiff received an equal proportion of such returns so long as she remained on the lands, and, in the partition, her due share of the expenditures for their rehabilitation.

Such being the proof, how or on what theory can it be said that defendants should render compensation to plaintiff, for benefits derived from the property, in which she participated equally with them?  No basis is shown for any such allowance against them.  They were therefore erroneously required to pay plaintiff the $170 ascertained and fixed by the decree, and it should be excluded therefrom.

It is conceded by appellee that the commissioner in chancery was by the final decree erroneously allowed for his services the

sum of $67.50 in excess of the compensation prescribed by §5, ch. 137, Code. But this error is correctible in this court.

Hence, we are of opinion to reverse the decree appealed from, in so far as it allowed such excessive compensation to the commissioner and required defendants to pay plaintiff the sum aforesaid as her share of the rents and profits of the 83 acres; and in all other respects said decree is affirmed, with costs to appellants.

*Reversed in part. Affirmed in part.*