313 S.E.2d 451

**Ralph STEELE, et al.**

v.

**Mary McKINNEY, et al.**

No. 15919.

Supreme Court of Appeals of
West Virginia.

March 2, 1984.

J. Strother Crockett, Welch, for appellant.

C. Thomas Seay, Wade T. Watson, Rudolph J. Murensky, II, Welch, for appellee.

PER CURIAM:

This is an appeal from an order entered in a partition suit in the Circuit Court of McDowell County. The appellants contend that the circuit court erred in granting partition of the subject property without hearing their objections to the boundary line used. We agree that the appellants are entitled to a hearing and we remand the case with directions that such hearing be conducted.

The appellants in this proceeding were the plaintiffs below. In 1979 they brought suit to partition a tract of land containing sixty eight and one-half acres located on Burke Mountain in McDowell County. All of the original parties to the partition suit were heirs of Nancy Lusk, who died intestate in 1933 as the sole owner of the subject property.[1]

Originally the parties to the suit agreed that the property would be sold and the proceeds divided according to the various interests of the parties. Those interests were not in dispute. Before the property sale took place, however, several of the defendants filed an amended answer and requested that the property be divided in kind.

An agreement was reached among the parties to have a survey done and boundary line drawn by John Ramey, a registered civil engineer. Mr. Ramey was to divide the land as nearly as possible giving a $9/20$ undivided interest to the majority of defendants and an $11/20$ undivided interest to

---

1. The plaintiffs in the partition suit were Beulah Kirby, Juanita Bishop and Helen Hale. The defendants were Mary McKinney, James McKinney, Fred McKinney, Carl McKinney, Lena McKinney, Thelma Alexapoulos, Nancy Johnson, Larry McKinney, Garland Lusk, Robert Lusk, Billy Lusk, Kermit Lusk, Shirley Lusk Basford, Carol Lusk Sawyer and Roger Lusk.

the plaintiffs and the remaining defendants.

The plaintiffs' attorney accompanied Mr. Ramey to the property and instructed him to draw a boundary line on the ratio of eleven to nine, placing two of the residences on the property within the boundaries set for the plaintiffs.[2] Mr. Ramey surveyed the land and drew the requested boundary line. His fee for the survey, $3,586.50, was shared equally by the parties.

The appropriate deeds were prepared and the property was about to be conveyed when the plaintiffs discovered that the boundary line drawn by Mr. Ramey did not place the two houses within their allotment. At this point in the suit the original plaintiffs conveyed their interest in the property to Ralph Steele, Ransom Mitchem and Everett Sizemore who were then substituted as parties plaintiff.

On December 16, 1982, the plaintiffs filed an amended complaint alleging that the boundary line drawn by John Ramey was not a fair and reasonable division of the property. Specifically, the plaintiffs asserted that the line was drawn contrary to their instructions to place two of the houses located on the property on their side of the boundary line; that the line gave the vast majority of timber on the land to the defendants; and that although the survey accurately divided the land by acreage, the land given to the plaintiffs was worth less than that given to the defendants.

The plaintiffs requested a hearing on the various issues raised in their amended complaint, and in particular, on the question of whether the Ramey survey constituted a fair and reasonable partition of the subject property. In the partition order entered on the same day the circuit court found that the boundary line drawn pursuant to the survey was a fair and reasonable division of the property. The court also held that the survey substantially conformed to the parties' agreement to divide the property

and that the expense of a second survey was not warranted.

The court denied the plaintiffs' request for a hearing and ordered that deeds be prepared to carry out the partition in accordance with the survey. The plaintiffs appeal from this final order asserting that the court should have allowed them to present evidence that the boundary line drawn by the engineer was in error.

In syllabus point 2 of *Feamster v. Feamster*, 123 W.Va. 353, 15 S.E.2d 159 (1941), we stated:

"To justify setting aside an allotment made in a partition suit by commissioners and confirmed by the trial court, it must be shown that the allotment has been made on wrong principles, or by a clear and decided preponderance of the evidence that a grossly unequal allotment has been made."

Similarly, syllabus point 1 of *Smith v. Smith*, 77 W.Va. 260, 87 S.E. 355 (1915), states:

"A report of partition in kind, on its face evincing no unfairness or injustice in allotments made by commissioners appointed for the purpose, will not be disturbed on appeal, unless it is affirmatively shown by satisfactory proof that the partition so made is inequitable."[3]

In the case before us, the circuit court did not give the plaintiffs an opportunity to show that the allotment made by the surveyor and confirmed by the court was unjust, even though it appears that the plaintiffs had evidence to present on the point. In addition, the record indicates that the parties had agreed to place certain improvements on the plaintiffs side of the boundary and through mistake or otherwise this was not done.

Under these circumstances, it was error for the court to refuse to hear testimony on the issue. The plaintiffs should have been permitted to show that the allotments made

2. One of the residences was the original home place of Nancy Lusk. The second residence belonged to Nola Lusk, who had only a dower interest in the home.

3. We note that in the case before us no commissioners were appointed to oversee and report on the survey. Apparently such appointment was not requested or desired by either of the parties.

were inequitable. There is insufficient evidence in the record for us to make that determination and we therefore remand the case to the circuit court with directions that the plaintiffs be permitted to present evidence that they received an unfair allotment.

Accordingly, the judgment of the Circuit Court of McDowell County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.